**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THE DOE RUN RESOURCES CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | CAUSE NO. _____ |
| v. | ) ) | |
| LEXINGTON INSURANCE COMPANY, | ) ) | |
| Defendant, | ) ) | JURY TRIAL DEMANDED |
| | ) ) ) | |

**COMPLAINT FOR DECLARATORY RELIEF,**
**BREACH OF CONTRACT, AND UNREASONABLE REFUSAL TO PAY**
**PURSUANT TO MO. REV. STAT § 375.420**

Plaintiff The Doe Run Resources Corporation, for its causes of action against Defendant Lexington Insurance Company, alleges as follows:

**THE PARTIES**

1.     Plaintiff The Doe Run Resources Corporation ("Doe Run") is a New York corporation with its principal place of business in St. Louis County, Missouri.

2.     Plaintiff is informed and believes and thereupon alleges that Defendant Lexington Insurance Company ("Lexington") was at all pertinent times a corporation organized under the laws of Delaware with a principal place of business in Boston, Massachusetts.

3.     Plaintiff is informed and believes and thereupon alleges that at all pertinent times Lexington was doing business within St. Louis County, Missouri and was issuing policies covering activities within St. Louis County, Missouri.

**JURISDICTION AND VENUE**

4.     This Court has personal jurisdiction over Lexington pursuant to Rule 4 of the Federal Rules of Civil Procedure and Section 506.500 of the Missouri Revised Statutes.

5.     This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C.

1

§ 1332 because complete diversity exists between the parties and the total amount in controversy exceeds $75,000, exclusive of costs.

6.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(a).

7.      Doe Run brings this complaint to resolve a defense coverage dispute with Lexington pertaining to a complaint captioned: *Nadist, LLC v. The Doe Run Resources Corp. et al.*, United States District Court, Eastern District of Missouri, Eastern Division, Case No. 4:06CV00969CDP (the "*Nadist* Lawsuit"). A copy of the operative complaint from the *Nadist* Lawsuit, the first amended complaint, is attached hereto as Exhibit A and incorporated by reference.

8.      Specifically, Doe Run brings this complaint (1) to determine Doe Run's and Lexington's respective rights and duties with respect to defense coverage for the *Nadist* Lawsuit, (2) to recover damages for Lexington's breach of its contractual defense obligations to Doe Run for the *Nadist* Lawsuit, and (3) to recover damages associated with Lexington's unreasonable refusal to provide defense coverage for the *Nadist* Lawsuit.

## THE INSURANCE POLICIES

9.      Lexington, in consideration of substantial premiums, issued at least the following relevant insurance policies under which Doe Run is insured[1]:

a.   Policy No. 5631791, with the policy period of at least January 1, 1995, to November 1, 1996.

b.   Policy No. 5635419, with the policy period of at least November 1, 1996, to November 1, 1997.

c.   Policy No. 5635446, with the policy period of at least November 1, 1997, to August 31, 1999.

d.   Policy No. 1078751, with the policy period of at least August 31, 2000, to August 31, 2001.

---

[1] The Policies are incorporated herein by reference, due to their volume. Copies are available upon request, and have been provided to Lexington.

e.   Policy No. 1320444, with the policy period of at least August 31, 2001, to August 31, 2002.

f.   Policy No. 0453032, with the policy period of at least August 31, 2002, to November 1, 2002.

g.   Policy No. 0453056, with the policy period of at least November 1, 2002, to November 1, 2003.

h.   Policy No. 0453230, with the policy period of at least November 1, 2003, to November 1, 2004.

i.   Policy No. 0453456, with the policy period of at least November 1, 2004, to November 1, 2005.

j.   Policy No. 4136526, with the policy period of at least November 1, 2005, to November 1, 2006.

k.   Policy No. 7352176, with the policy period of at least November 1, 2006, to November 1, 2007.

l.   Policy No. 7355758, with the policy period of at least November 1, 2007, to November 1, 2008.

m.  Policy No. 534850, with the policy period of at least November 1, 2008, to November 1, 2009.

10.    Under each of these policies set forth in the previous paragraph (collectively, the "Policies"), Lexington is obligated to provide coverage, inter alia, for all defense costs and supplemental expenses incurred by Doe Run with respect to any lawsuit whose allegations, regardless of their merit, present any potential for covered liability.

11.    Lexington has a full and separate obligation, under each Policy, to pay all sums of such defense costs and supplemental expenses incurred by Doe Run.

12.    Doe Run has complied with all conditions and covenants to be performed by it under the Policies.

13.    At all relevant times, the required premiums were paid with respect to the Policies

3

and the Policies were in full force and effect.

## COVERAGE CLAIM

14.     In the *Nadist* Lawsuit, the plaintiffs allege, <u>inter alia</u>, that Doe Run is liable for various alleged property damage and other issues relating to the Sweetwater Mine and Mill, a lead and zinc mine and mill near Viburnum, Missouri, and the surrounding haul roads where materials allegedly have allegedly been transported to and from the Mine and Mill.  The Complaint includes causes of action for violation of the Resource Conservation and Recovery Act, violation of the Clean Water Act, violation of the Clean Air Act, Trespass, Nuisance, Specific Performance of Contract, and Breach of Contract.

15.     On or about September 10, 2009, Doe Run sent a letter to Lexington demanding coverage for defense costs and supplemental expenses under the Policies, and any other applicable Lexington policies, for the *Nadist* Lawsuit.

16.     Lexington responded to Doe Run's letter with a written denial of any coverage for the *Nadist* Lawsuit.  Lexington based its denial of coverage on unreasonable, and improperly narrow, readings of the allegations in the *Nadist* Lawsuit.  In so doing, Lexington also unreasonably and improperly ignored the standard for defense coverage, which requires only that the allegations in the *Nadist* Lawsuit raise any potential for a covered judgment and ignores the merits of the allegations.

17.     As just one example, Lexington unreasonably concluded that coverage for allegations of property damage and bodily injury relating to lead are excluded under its Policies, even where the lead exclusions in the Policies expressly were deleted.

18.     Likewise, on information and belief, Lexington did not conduct a good faith or sufficient investigation of Doe Run's claim for coverage, as evidenced <u>inter alia</u> by its cursory and insufficiently supported coverage conclusions.

## FIRST CAUSE OF ACTION

### (Declaratory Relief – Defense Coverage)

19.     Doe Run incorporates by reference herein paragraphs 1 through 18, inclusive.

4

20.     An actual controversy has arisen and now exists between Doe Run and Lexington concerning whether, pursuant to each of the Policies, Lexington is obligated to provide coverage to Doe Run for defense costs and supplemental expenses for the *Nadist* Lawsuit.

## SECOND CAUSE OF ACTION

### (Breach of Defense Coverage Obligations)

21.     Doe Run incorporates by reference herein paragraphs 1 through 20, inclusive.

22.     Lexington has breached its obligations under each of the Policies by failing and/or refusing to provide coverage to Doe Run for defense costs and supplemental expenses for the *Nadist* Lawsuit.

23.     As a direct and proximate result of Lexington's breach of its obligations to provide coverage to Doe Run, Doe Run has sustained substantial losses, including reasonable attorneys' fees and other costs that Doe Run has incurred and will continue to incur for the defense of the *Nadist* Lawsuit.

## THIRD CAUSE OF ACTION

### (Unreasonable Refusal to Pay Pursuant to Mo. Rev. Stat. § 375.420)

24.     Doe Run incorporates by reference herein paragraphs 1 through 23, inclusive.

25.     Lexington has refused through its actions and inaction, without reasonable cause or excuse, to provide coverage to Doe Run for defense costs and supplemental expenses for the *Nadist* Lawsuit as required under the Policies it issued.

26.     On information and belief, Lexington has acted unreasonably and in bad faith by taking unfounded coverage positions related to the *Nadist* Lawsuit and by putting its own interests, in limiting or avoiding coverage obligations, ahead of Doe Run's.

27.     On information and belief, Lexington failed to properly investigate Doe Run's coverage claims given the apparent disregard for facts supporting coverage in its coverage conclusions.

28.     Lexington willfully has engaged in the conduct described in paragraphs 16 through 18 when it knew or should have known that its actions (and inactions) were improper

5

and unreasonable.

29.    As a direct and proximate result of Lexington's unreasonable conduct, Doe Run

has sustained substantial losses including, but not limited to, attorneys' fees in this coverage

action that has been filed to enforce Lexington's defense coverage obligations.

### PRAYER FOR RELIEF

WHEREFORE, Doe Run prays for judgment against Lexington as follows:

### ON THE FIRST CAUSE OF ACTION

1.    Ordering and declaring that pursuant to each of Lexington's Policies, Lexington is

obligated to provide full and complete coverage for defense costs and supplemental expenses for

Doe Run for the *Nadist* Lawsuit.

2.    For costs of this suit, including attorneys' fees, costs and expenses.

3.    For such other and further relief as the Court deems just and proper.

### ON THE SECOND CAUSE OF ACTION

1.    Ordering and declaring that for each Lexington Policy:

a.    Pursuant to the Policy, Lexington must pay for Doe Run's defense in the

*Nadist* Lawsuit; and

b.    Lexington has breached its obligations under the Policy to pay for Doe

Run's defense in the *Nadist* Lawsuit.

2.    For a damages award of all of Doe Run's defense costs and supplemental

expenses for the *Nadist* Lawsuit, and interest thereon.

3.    For costs of this suit.

4.    For such other and further relief as the Court deems just and proper.

### ON THE THIRD CAUSE OF ACTION

1.    Ordering and declaring that Lexington's failure to pay Doe Run's defense costs

and supplemental expenses for the *Nadist* Lawsuit was without reasonable cause or excuse and

has triggered the relief provisions of Missouri Revised Statutes Section 375.420.

2.    For costs of this suit, including attorneys' fees, costs and expenses, and all

exemplary, consequential and/or extra-contractual damages available under Missouri Revised

Statutes Section 375.420 as relief for Lexington's unreasonable conduct.

      3.      For such other and further relief as the Court deems just and proper.

DATED:  October 7, 2010          **GALLOP, JOHNSON & NEUMAN, L.C.**

Ronald L. Hack, E.D.Mo. #3298
101 South Hanley Road
Suite 1700
St. Louis, MO 63105
Phone: (314) 615-6000
Fax: (314) 615-6001
rlhack@gjn.com

and

**ABELSON | HERRON LLP**

Marc D. Halpern (California #216426)
Anthony J. Matera (California #216480)
600 W Broadway, Suite 1060
San Diego, CA 92101
Phone: (619) 618-7000
Fax: (619) 618-7001
mhalpern@abelsonherron.com
amatera@abelsonherron.com
(*pro hac vice* applications forthcoming)


Attorneys for Plaintiff
THE DOE RUN RESOURCES
CORPORATION

7